**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| FRED REBARBER-OCASIO, | CIVIL NO.  18-1218 (GAG) |
| Plaintiff, | CIVIL ACTION |
| v. | PLAINTIFF DEMANDS TRIAL BY JURY |
| LUIS A. FELICIANO-MUNOZ, et al., | |
| Defendant. | |

**ANSWER TO FIRST AMENDED COMPLAINT**

**TO THE HONORABLE COURT**:

　　**COMES NOW Plaintiff** through the undersigned attorney and very respectfully **STATES**, **ALLEGES** and **PRAYS** as follows:

1. Paragraph 1 is neither admitted nor denied as the allegations do not require a responsive pleading.  In the event that an answer is required, the averment is denied.

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted.

4. Paragraph 4 is denied, in as much as codefendants have no personal knowledge of such averments.

5. Paragraph 5 is admitted.

6. Paragraph 6 is admitted.

7. Paragraph 7 is admitted.

8. Paragraph 8 is neither admitted nor denied as the allegations do not require a responsive pleading.  In the event that an answer is required, the averment is denied.

9. Paragraph 9 is admitted.

10. Paragraph 1 of the allegations is admitted with the exception of the date which is unknown to codefendants.

11. Paragraph 2 of the allegations is denied, in as much as codefendants have no personal knowledge of such averments.

12. Paragraph 3 of the allegations is denied, in as much as Plaintiff piloted a plane that crashed at landing.

13. Paragraphs 4, 5, 6 of the allegations is admitted.

14. Paragraph 7 of the allegations is denied.  Mr. Feliciano only became President of the Board of Directors and majority shareholder.  He did not become the Director in charge of all operations.

15. Paragraph 8 of the allegations is denied.  Mr. Feliciano only became President of the Board of Directors and majority shareholder.  He did not become the Director in charge of all operations.

16. Paragraph 9, 10, 11, 12 of the allegations is admitted.

17. Paragraph 13 of the allegations is denied.  Rebarber was consulted and informed until March 2015.

18. Paragraph 14 of the allegations is denied.

19. Paragraph 15 of the allegations is neither admitted nor denied as the allegations do not require a responsive pleading.  In the event that an answer is required, the averment is denied.

20. Paragraph 16 of the allegations is denied.  Plaintiff approved the sale.

21. Paragraph 17 of the allegations is denied.  Rebarber knew and was informed of the repairs that were undertaken, installation of equipment and the painting.

22. Paragraphs 18, 19, 20 and 21 of the allegations are denied.

23. Paragraph 22 of the allegations are denied. Since November 2015 Defendant has been in communication with Plaintiff in relation to the claim relating to Plaintiff's false representations made in the Stock Purchase Agreement which was later filed at USDC-PR, civil # 16-2719 (MEL).

24. Paragraph 23, 24, 25, 26, 27 and 28 of the allegations are denied.

25. Paragraph 29 of the allegations is neither admitted nor denied as the allegations do not require a responsive pleading.  In the event that an answer is required, the averment is denied.

26. Paragraphs 1-7 of the damages are denied.

AFFIRMATIVE DEFENSES

1.  Plaintiff has failed to state a claim upon which relief may be granted.

2.  Since November 2015 Defendant has been in communication with Plaintiff in relation to the claim relating to Plaintiff's false representations made in the Stock Purchase Agreement between the parties which was later filed at USDC-PR, civil # 16-2719 (MEL).

3.  This Court lacks subject matter jurisdiction in this case.

4.  This Court lacks personal jurisdiction over the Defendants in this case.

5.  The Defendants were not properly served with process in this case.

6.  There is no diversity jurisdiction as the jurisdictional amount is lacking.

7.  Plaintiff's conduct constitutes unclean hands and therefore bars the granting of the relief requested.

8.  Plaintiff's wrongful conduct bars relief for the claims raised in the Complaint.

9. Plaintiff was engaged in conduct that constitutes a waiver of his rights.

10. Plaintiff's own conduct caused his damages.

11. The causes of action alleged are time barred, in whole or in part, because they were presented in an untimely manner.

12. There is no causal relation between the damages alleged by Plaintiff and the actions of the Defendants.

13. The damages alleged in the Complaint are unforeseeable, speculative, non-existent and/or grossly exaggerated.

14. The alleged damages are not recoverable as a matter of law.  No extrajudicial notice was served on the Defendant.

15. Plaintiff has failed to mitigate and lessen damages, if any were sustained, as required by law, and is barred from recovery by reason thereof.

16. Plaintiff is obstinate in pursuing this action which is frivolous and brought in bad faith and Defendants is therefore entitled to an award of its reasonable attorney's fees.

17. Any facts not specifically admitted are denied.

Defendants expressly reserve the right to raise additional defenses or to amend those already raised on the basis of further discovery.

WHEREFORE, the Defendants request that the Honorable Court dismiss the complaint.

Respectfully Submitted, this 22nd day of August, 2018.

This motion has been filed with the Clerk of the Court using the CM/ECF system which will notify all parties.

> S/José R. Olmo-Rodríguez
> José R. Olmo-Rodríguez
> USDC 213405
> El Centro I, suite 215, SJ, PR 00918
> Tel. 7877583570/Fax. 7877640338