UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| FRED J. REBARBER-OCASIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-cv-01218-JAW |
| | ) | |
| LUIS FELICIANO-MUNOZ, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| LUIS FELICIANO-MUNOZ, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:16-cv-02719-MEL |
| | ) | |
| FRED J. REBARBER-OCASIO, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT ORDER ON MOTIONS TO CONSOLIDATE**

Applying guidance from the Court of Appeals for the First Circuit, the Court concludes pursuant to Federal Rule of Civil Procedure 42(a) that these two cases contain common parties and common issues of fact and law and that the costs and benefits weigh in favor of consolidation.

**I.     STATEMENT OF FACTS**

In early 2014, Fred J. Rebarber-Ocasio, a resident of Palms Coast, Florida, was the owner of 100% of the stock of Air America, Inc. (Air America), a business engaged in air charters to transport passengers and cargo throughout the Caribbean and certified to do so by the Federal Aviation Administration (FAA). *Luis Feliciano*

*Muñoz and Air America, Inc. v. Fred Rebarber-Ocasio*, No. 3:16-cv-2719-MEL (*2016 Lawsuit*), *Compl.* ¶¶ 1-3, 4-5 (ECF No. 1); *Fred Rebarber-Ocasio v. Luis Feliciano-Muñoz*, No. 3:18-cv-1218-JAW (*2018 Lawsuit*), *Compl.* ¶¶ 1-2 (ECF No. 1).  In September 2014, representatives of Luis Feliciano-Muñoz, a resident of San Juan, Puerto Rico, contacted Mr. Rebarber-Ocasio with a proposal to purchase 80% of the stock in Air America, leaving Mr. Rebarber-Ocasio with the remaining 20%.  On December 17, 2014, Mr. Feliciano-Muñoz and Mr. Rebarber-Ocasio executed a stock purchase agreement consistent with the proposal.  Disputes arose after the stock sale and transfer of control as to whether Mr. Feliciano-Muñoz got what he paid for and whether he properly managed Air America for the benefit of Mr. Rebarber-Ocasio's minority interest.  These disputes led to the filing of a lawsuit in 2016 by Mr. Feliciano-Muñoz and Air America against Mr. Rebarber-Ocasio and a second lawsuit in 2018 by Mr. Rebarber-Ocasio against Mr. Feliciano-Muñoz and his wife, Christel Bengoa, as well as their conjugal partnership and several placeholder insurers.[1]  These lawsuits have proceeded independently from each other on separate tracks with different assigned judges and different scheduling orders.

A. The 2016 Lawsuit

On September 26, 2016, Luis Feliciano-Muñoz and Air America, Inc. (Air America) filed a complaint in this Court against Fred J. Rebarber-Ocasio, alleging

---

[1] The 2018 Complaint explains that A, B, and C Insurance Companies is a fictitious name that the Plaintiff Mr. Rebarber-Ocasio had given to any insurer of any of the Defendants and, once the Plaintiff discovered the true name of an insurer, he would substitute the name of the actual insurer for the fictitious one.  *2018 Lawsuit*, *Compl.* ¶ 8.  However, the Plaintiff has not moved to name the actual insurers.

that on December 17, 2014, Mr. Feliciano-Muñoz and Mr. Rebarber-Ocasio entered into a stock purchase agreement in which Mr. Feliciano-Muñoz and Mr. Rebarber-Ocasio agreed that Mr. Feliciano-Muñoz would purchase 80% of the stock in Air America with Mr. Rebarber-Ocasio retaining the remaining 20%. *2016 Lawsuit*, *Compl.* ¶ 5. However, after Mr. Feliciano-Muñoz took control of Air America, he discovered that six of its aircraft had deficiencies that were not in compliance with Federal Aviation Administration requirements and that caused Mr. Feliciano-Muñoz to ground all broken or inoperative aircraft. *Id.* ¶¶ 6-8. Mr. Feliciano-Muñoz alleged that the condition of these aircraft represented a breach of the representations and warranties in the stock purchase agreement between Mr. Feliciano-Muñoz and Mr. Rebarber-Ocasio. *Id.* ¶ 9. On April 28, 2017, with the approval of the Court, Mr. Feliciano-Muñoz filed an amended complaint, which became the operative complaint. *2016 Lawsuit*, *First Am. Compl.* (ECF No. 16). After an extensive discovery and motion practice, on August 27, 2021, the Magistrate Judge set the case for jury trial beginning April 18, 2022. *2016 Lawsuit*, *Order* (ECF No. 171).

### B. The 2018 Lawsuit

On April 17, 2018, Fred J. Rebarber-Ocasio filed a separate lawsuit against Luis Feliciano-Muñoz, Christel Bengoa (Mr. Feliciano-Muñoz's wife), their conjugal partnership, and certain unknown insurance companies. *2018 Lawsuit*, *Compl.* In this Complaint, Mr. Rebarber-Ocasio recited the events surrounding the 2014 stock purchase agreement and the subsequent transfer of management authority to Mr. Feliciano-Muñoz. *Id.* ¶¶ 1-8. Mr. Rebarber-Ocasio alleged that Mr. Feliciano-Muñoz

mismanaged Air America thereby decreasing the value of Mr. Rebarber-Ocasio's 20% interest in the company. *Id.* ¶¶ 9-28. Mr. Rebarber-Ocasio alleged Mr. Feliciano-Muñoz and Ms. Bengoa engaged in fraud, violated their fiduciary duties to Mr. Rebarber-Ocasio as a shareholder, breached the purchase and sale agreement, and were negligent in supervising flights, thereby causing damages to him. *Id.* ¶ 28. This case was trial ready as of March 30, 2021; however, it could not be scheduled for jury trial during the COVID-19 pandemic. *Order* (ECF No. 196). On July 8, 2021, the Court issued an order staying this case to allow the parties to engage in mediation. *2018 Lawsuit, J. Staying Case* (ECF No. 205). The mediation failed and this case is now trial ready.

## II.   THE POSITIONS OF THE PARTIES

### A.  Luis Feliciano-Muñoz and Air America's Motions

On September 8, 2021, Luis Feliciano-Muñoz and Air America filed motions to consolidate in both pending civil actions. *2016 Lawsuit, Mot. to Consolidate* (ECF No. 173); *2018 Lawsuit, Mot. to Consolidate* (ECF No. 211). In his motions, Mr. Feliciano-Muñoz argues that the parties are virtually the same in both cases, the witnesses will be about the same, and both disputes involve interpreting the stock purchase of Air America. *Id.* at 1-5. Mr. Feliciano-Muñoz also urges the Court to grant the motion to consolidate in order to avoid inconsistent verdicts. *Id.* at 5.

### B.  Fred Rebarber's Opposition

On September 15, 2021, Fred Rebarber-Ocasio filed an opposition to the motion to consolidate in the 2016 lawsuit only. *2016 Lawsuit, Resp. in Opp'n to* Mot. to

4

Consolidate *(DN 173)* (*Rebarber Opp'n*) (ECF No. 174). Mr. Rebarber-Ocasio points out that the 2016 lawsuit, in which he is the defendant, is a breach of contract action only. *Id.* at 4. By contrast, Mr. Rebarber-Ocasio says that the 2018 case "is a damages case." *Id.* Mr. Rebarber-Ocasio explains that he sued Mr. Feliciano-Muñoz in 2018 "for negligent operation of the company, which resulted in the demise of the company, thus causing Mr. Rebarber[-Ocasio] damages." *Id.* Mr. Rebarber-Ocasio then notes that the 2018 lawsuit "involves allegations of fraud, embezzlement, violation of corporate law and company statutes, the illegal transfer of aircrafts certificates and ownership to a company solely owned by Mr. Feliciano[-Muñoz], to a loss of company assets, loss of good will, allegations of an aircraft being sold for personal benefit, as well as allegations of gross negligence." *Id.* Mr. Rebarber-Ocasio observes that Air America, Inc. "is not a party in this second case." *Id.* Although Mr. Rebarber-Ocasio concedes that the cases "share some commonalities," he maintains that "they are not identical." *Id.* at 5. Mr. Rebarber-Ocasio worries about confusing the jury. *Id.*

### III.  LEGAL STANDARDS

Federal Rule of Civil Procedure 42(a) provides:

> **(a) Consolidation.** If actions before the court involve a common question of law or fact, the court may:
> **(1)** join for hearing or trial any or all matters at issue in the actions;
> **(2)** consolidate the actions; or
> **(3)** issue any other orders to avoid unnecessary cost or delay.

FED. R. CIV. P. 42(a). Consolidation is best understood "not as completely merging the constituent cases into one, but instead as enabling more efficient case management while preserving the distinct identities of the cases and the rights of the

separate parties in them." *Hall v. Hall*, 138 S. Ct. 1118, 1125 (2018). "Rule 42(a) is designed to encourage consolidation where common questions of law or fact are present." *Pino-Betancourt v. Hosp. Pavia Santurce*, 928 F. Supp. 2d 393, 394-95 (D.P.R. 2013). In general, "the purpose of a consolidation for trial is to avoid: 1) overlapping trials containing duplicative proof; 2) excess cost incurred by all parties and the government; 3) the waste of valuable court time in the trial of repetitive claims; and 4) the burden placed on a new judge in gaining familiarity with the cases." *Arroyo v. Chardon*, 90 F.R.D. 603, 604 (D.P.R. 1981). Other relevant factors include the need to avoid jury confusion and potential prejudice to either party from consolidation. *See Pino-Betancourt*, 928 F. Supp. 2d at 395. In short, "courts weigh considerations of convenience and economy against considerations of confusion and prejudice." *Pino-Betancourt*, 928 F. Supp. 2d at 395 (quoting *Amer. Postal Workers Union v. United States Postal Serv.*, 442 F. Supp. 2d 240, 245 (D.D.C. 2006)).

The First Circuit employs a two-part framework for determining consolidation. *Seguro de Servicio de Salud de P.R. v. McAuto Sys. Grp.*, 878 F.2d 5, 8 (1st Cir. 1989). "The threshold issue is whether the two proceedings involve a common party *and* common issues of fact or law." *Id.* (emphasis in original). "Once this determination is made, the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Id.*; *see United States v. Charter Int'l Oil Co.*, 83 F.3d 510, 516 n.7 (1st Cir. 1996) ("District courts may find . . . consolidation useful, if the cases so warrant, to expedite and clarify matters. But

they are not required to do so"). "A motion for consolidation will usually be granted unless the party opposing it can show 'demonstrable prejudice.'" *Id.*

## IV.   DISCUSSION

As directed by the First Circuit, the Court[2] turns to the threshold issue: whether the two proceedings involve "a common party and common issues of law and fact." *Seguro de Servicio*, 878 F.2d at 8.  By its terms, Rule 42(a) does not require a complete identity of parties.  The two main players in the dispute, Mr. Rebarber-Ocasio and Mr. Feliciano-Muñoz, are parties to both cases.  The fact that Air America and Ms. Bengoa are not parties in both cases is a factor but not determinative under Rule 42(a).

The Court next addresses the second prong: weighing the costs and benefits of consolidation.  Even though there are differences between the legal theories in the two cases, in the Court's view, those differences are mitigated by the presence of common evidence and common law.  Both cases turn on whether Air America complied with FAA and other federal regulations, before and after the execution of the stock purchase agreement, and, if not, who was to blame.  For example, Air America lost its FAA certification after a fatal plane accident.  Why the accident occurred, whether mismanagement of Air America was to blame, and, if so, who was at fault, are issues central to both cases.  Experts in both cases focus on the timeline and necessity of repairs and investments Mr. Feliciano-Muñoz made after the sale of the company, all in relation to the state of affairs as it existed when Mr. Rebarber-

---

[2]   In referring to the Court, the Court is referring to both United States District Court Judge John A. Woodcock, Jr. and United States Magistrate Judge Marcos Lopez.

7

Ocasio was still in charge. Moreover, even though Mr. Rebarber-Ocasio asserts that the 2016 breach of contract claim has no relationship to his 2018 lawsuit, he has claimed as a defense to the breach of contract claim that Mr. Feliciano-Muñoz mishandled Air America and failed to follow proper management practices.

The Court is not as concerned as Mr. Rebarber-Ocasio that the jury will be confused by consolidation. Juries routinely resolve cases with complex facts and multiple legal theories and this Court does not view this case, even when consolidated, as especially challenging. Instead, the Court sees a single trial, where the jury will gain a broader understanding of the entire course of conduct among the parties, as informing its judgment. Furthermore, the Court through jury instructions and able counsel through argument should be capable of explaining to the jury the differences between the two cases.

Finally, there is the issue of judicial efficiency. One trial is obviously more efficient than two and the 2016 litigation has already been scheduled for trial commencing April 18, 2022. From the Court's perspective, adding a few days onto the trial time in April is demonstrably more efficient than treating and trying the two cases separately.

Finally, the parties consented to the Magistrate Judge as the presiding judge in *Feliciano Muñoz v. Fred Rebarber-Ocasio*, No. 3:16-cv-2719-MEL but not in *Rebarber-Ocasio v. Muñoz*, No. 3:18-cv-1218-JAW. This issue can be resolved in one of two ways. The parties may voluntarily consent to the Magistrate Judge as the presiding judge for purposes of *Rebarber-Ocasio v. Muñoz*, No. 3:18-cv-1218-JAW in

which case Magistrate Judge Lopez will preside over the consolidated trial or the parties may withhold consent in which case Judge Woodcock will preside over the trial of the consolidated cases in April. To give the parties an opportunity to decide which of these two approaches they prefer, the Court STAYS this consolidation order for a period not to exceed 28 days from the date of this Order within which the parties shall inform the Court if they wish to voluntarily consent to the Magistrate Judge. If the parties decide not to consent or do not file a position on consent, Judge Woodcock will preside over both cases. The Court advises the parties that they are of course "free to withhold consent without adverse substantive consequences." 28 U.S.C. § 636(c)(2).

## V.  CONCLUSION

The Court GRANTS the Plaintiffs' Motion to Consolidate (ECF No. 173) in *Feliciano Muñoz v. Fred Rebarber-Ocasio*, No. 3:16-cv-2719-MEL and the Defendants' Motion to Consolidate (ECF No. 211) in *Rebarber-Ocasio v. Muñoz*, No. 3:18-cv-1218-JAW. The Court, however, STAYS the effective date of this Order for a period of four weeks. Effective November 10, 2021, the Court ORDERS the two cases consolidated for trial to commence April 18, 2022.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

/s/ Marcos E. López
MARCOS E. LÓPEZ
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of October, 2021.